CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD GERMAINE SAUNDERS, ) <br>     Petitioner, ) <br> v. ) <br> ) <br> CHADWICK DOTSON, DIRECTOR, ) <br> VIRGINIA DEPARTMENT OF ) <br> CORRECTIONS,* ) <br>     Respondent. ) | Case No. 7:24-cv-00796 <br><br><br><br> By: Michael F. Urbanski <br> Senior United States District Judge |

## MEMORANDUM OPINION

Edward Germaine Saunders, a state inmate proceeding pro se, has filed a petition challenging the validity of his conviction in the Circuit Court for the City of Roanoke. For the following reasons, the court concludes that the petition is properly construed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254. Because Saunders has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the petition without prejudice for lack of jurisdiction.

## Background

On August 14, 2014, Saunders was convicted of aggravated sexual battery, in violation of Virginia Code § 18.2-67.3. Pet. Ex. A, ECF No. 1-1. The Circuit Court sentenced him to a term of imprisonment of 20 years. Id.

In February 2019, Saunders filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2014 conviction and sentence. See Saunders v. Clarke, No. 7:19-cv-

---

* Chadwick Dotson is the current Director of the Virginia Department of Corrections. Therefore, the court will substitute him as the respondent in place of Harold Clarke. See Fed. R. Civ. P. 25(d) (permitting the court to order substitution of a public officer's successor at any time).

00166, 2019 WL 5445303 (W.D. Va. Oct. 23, 2019). The court dismissed the petition as untimely on October 23, 2019. Id. Saunders appealed the court's decision, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. Saunders v. Clarke, 803 F. App'x 705 (4th Cir. 2020).

In November 2024, Saunders filed the pending petition requesting that the court "overturn his conviction in the Roanoke Circuit Court." Pet., ECF No. 1, at 1. The petition is styled as a "petition for independent action pursuant to [Federal Rule of Civil Procedure] 60(d)(1)." Id. In the petition, Saunders contends that his arrest warrant and indictment "were both void ab initio," rendering his conviction "null and void." Id. at 10. He requests that the court "reverse his conviction." Id. at 24.

## Discussion

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994). The "exclusive vehicle" for "habeas relief for prisoners in custody under a state court judgment" is a petition filed under 28 U.S.C. § 2254. Saulsberry v. Lee, 937 F.3d 644, 647 (6th Cir. 2019); see also In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (concluding that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'"). Pursuant to 28 U.S.C. § 2244, a state prisoner typically has "one chance to bring a federal habeas challenge to his conviction." Banister v. Davis, 590 U.S. 504, 509 (2020). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition

satisfies the statute's gatekeeping requirements." Id. (citing 28 U.S.C. § 2244(b)(3)(C)). "[S]ection 2244 also makes clear that district courts must ('shall') dismiss any second or successive § 2254 petition or claim that the court of appeals has not authorized." Bixby v. Stirling, 90 F.4th 140, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 2244(b)).

As indicated above, Saunders previously filed a § 2254 petition that was dismissed as untimely. A petition dismissed on that ground counts as a first petition that triggers § 2244's limitations on successive petitions. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases); see also Stapleton v. United States, 392 F. Supp. 2d 754, 756 (W.D. Va. 2005) (concluding in the context of a 28 U.S.C. § 2255 motion that the dismissal of a prior motion as untimely renders successive any § 2255 motions challenging the same conviction or sentence). Consequently, Saunders must receive authorization from the Fourth Circuit before he may file a second or successive § 2254 petition challenging his conviction for aggravated sexual battery. 28 U.S.C. § 2244(b)(3)(A).

Saunders purports to bring the pending petition under Federal Rule of Civil Procedure 60(d)(1). Rule 60(d)(1) merely provides that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order or proceeding." Fed. R. Civ. P. 60(d)(1). The rule "does not affirmatively grant the courts any authority," much less the authority to overturn the judgment of another state or federal court. Klayman v. Rao, 49 F.4th 550, 553 n.3 (D.C. Cir. 2022).

When a state prisoner files a petition or motion under Rule 60, the court must determine whether it should be construed as a successive § 2254 petition. See Bixby, 90 F.4th at 147 (noting that "a district court's first task when presented with a Rule 60(b) motion in a

3

habeas case must be to consider whether the filing 'is in substance a successive habeas petition and [thus] should be treated accordingly'") (alteration in original) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)). A motion or petition is properly construed as a successive habeas petition if it raises claims challenging the validity of the petitioner's conviction or sentence. Gonzalez, 545 U.S. at 531–32. On other hand, if a Rule 60 motion "does not assert, or reassert, claims of error in the movant's state conviction" or sentence, it is "not to be treated as a successive habeas petition." Id. at 538; see also United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.").

Applying these principles, the court concludes that Saunders's current petition is properly construed as a successive § 2254 petition. Rather than challenging "some defect in the integrity of the [prior] federal habeas proceedings," Gonzalez, 545 U.S. at 532, the petition seeks to vacate Saunders's conviction on the basis that his arrest warrant and indictment were fatally defective. Because the petition challenges the validity of his state conviction, it must be treated as a successive habeas petition. Gonzalez, 545 U.S. at 531–32, 538; see also Gause v. Perry, 851 F. App'x 431, 431 (4th Cir. 2021) ("The claims Gause raised in his Rule 60 motion challenged the validity of his convictions, and, thus, the motion should have been construed as a successive § 2254 petition."). Absent prefiling authorization from the Fourth Circuit, the court lacks jurisdiction to consider the petition. Id. at 432 (citing 28 U.S.C. § 2244(b)(3)). Therefore, the court will summarily dismiss the petition without prejudice.

## Conclusion

For the reasons stated, the court concludes that Saunders's petition under Rule 60 is properly construed as a successive habeas petition under § 2254. Because Saunders did not obtain prefiling authorization from the Fourth Circuit, the petition is **DISMISSED** without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 21:29:30
-05'00'

Michael F. Urbanski
Senior United States District Judge